[Civ. No. 3757.   Fourth Dist.   Apr. 18, 1949.]

ROBERT R. GREENBERG et al., Appellants, v. FRANK D. BIANCO, Respondent.

L. Kenneth Say for Appellants.

J. A. Chase for Respondent.

BARNARD, P. J.—By written contract dated March 19, 1947, the plaintiffs agreed to buy from the defendant a crop of oranges on a 4-acre tract at a certain price per box. The contract, which was executed for the plaintiffs by Robert R. Greenberg, contained a provision that it should not be modified or amended, in whole or in part, by any oral statement or representation on behalf of either party.

The plaintiffs having failed to pick the oranges the defendant sold them for the best price obtainable. The plaintiffs then brought this action to recover $1,000 which they had paid as an advance payment on the contract, alleging that the defendant had notified them in writing that he would not allow them to pick or harvest the crop. The defendant answered and also filed a cross-complaint alleging that, because of the plaintiffs' failure and refusal to pick the crop, he had been forced to resell the crop at a loss, and praying for the difference between the contract price and the amount he had received.

The court found in favor of the defendant, finding that the plaintiffs neglected and refused to pick the crop, and that it is not true that the defendant had given them written notice that they would not be allowed to do so. It was further found that the defendant caused the crop to be picked and sold on the then available market, receiving $912.31 therefor; and that, under the terms of the contract, the agreed price for the oranges actually picked would be $3,221. Judgment was en-

tered denying any relief to the plaintiffs and awarding the defendant a judgment for $1,318.68, being the difference between the contract price and the amount the defendant has received. This appeal followed.

■ Appellants' sole contention is that the evidence is insufficient to support the findings and judgment, and that it conclusively appears that the respondent prevented them from harvesting the oranges. It is argued that the evidence discloses that appellant Robert R. Greenberg on May 23, 1947, notified the respondent by telephone that the crop had been resold to Western States Packing House; that this new buyer attempted to pick the oranges; and that the respondent prevented it from doing so. While there is some evidence to this effect there is ample evidence to the contrary.

The respondent testified that in the telephone conversation on May 23, Mr. Greenberg said nothing about having resold the crop to Western States; that Greenberg then told him that he wanted to break the contract, and offered to allow him $500 if the contract was rescinded, which offer he refused; that a few days later two men representing Western States came to the ranch, having brought some boxes; that he asked these men if they had anything in writing from Greenberg; that they said they did not and told him to see Greenberg; that he called Greenberg and asked him for his written authorization, but got no satisfaction; that he immediately went to Greenberg's office and Greenberg became angry and accused him of stopping the crew from picking; that Greenberg then told him he would allow the fruit to rot on the trees; and that Greenberg at no time told him he had resold the crop to Western States. There is also evidence that the crop was then deteriorating and that an immediate picking of the crop was necessary if any of it was to be saved. The written notice relied on by appellants was not a notification that they would not be allowed to pick the crop. It notified them that the crop was ready, demanded that it be picked, and stated that the crop would be sold at the best price obtainable if the contract was not performed forthwith.

While there is some conflict, the evidence fully supports the court's findings. It may further be said that it justifies the inference that the appellants intentionally breached the contract.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.